UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HOLLIS RUSSELL                                              CIVIL ACTION

VERSUS                                                      NUMBER: 15-0916

ORLEANS PARISH PRISON                                       SECTION: "C"(5)
SHERIFF MARLIN GUSMAN

### ORDER AND REASONS

Presently before the Court for statutory screening under 28 U.S.C. §1915A, in this case which comes before the undersigned upon the consent of the parties pursuant to 28 U.S.C. §636(c) (rec. doc. 19), is the above-captioned 42 U.S.C. §1983 complaint of *pro se* Plaintiff, Hollis Russell, against Defendant, Orleans Parish Sheriff Marlin N. Gusman. (Rec. doc. 7).[1]

Plaintiff is an inmate of the Allen Correctional Center in Kinder, Louisiana, who was housed at the Orleans Parish Prison ("OPP") at the time that suit was filed. (Rec. doc. 7, p. 2). As his statement of claim herein, Plaintiff alleges as follows:

> Orleans Parish Prison Sheriff Marlin N. Gusman refuses to have the jail cleaned of mole (sic) and dust. The prisoners make loud noise all through the day and night making it impossible to sleep. There is no control in the jail.

(Rec. doc. 7, p. 4).

---

[1] Notwithstanding the manner in which Plaintiff captioned his complaint, a review of page four thereof, where he was directed to provide identifying information for <u>every</u> individual he has named as a Defendant in this lawsuit, reveals that there is but one Defendant in this matter, namely, Sheriff Gusman. (Rec. doc. 7, p. 4). Even if Plaintiff had intended to name the Orleans Parish Prison as an additional Defendant, that facility is a building, not a person or an entity that is capable of being sued under 42 U.S.C. §1983. *Wetzel v. St. Tammany Parish Jail*, 610 F.Supp. 2d 545, 548-49 (E.D. La. 2009).

In his prayer for relief, Plaintiff seeks injunctive relief ordering the Sheriff to shut down parts of the jail and to clean them of mold and dust; to enhance security to supervise prisoners' behavior and noise; and, to be awarded unspecified compensation for pain and suffering. (Rec. doc. 7, p. 5).

Plaintiff has instituted this suit IFP pursuant to 28 U.S.C. §1915. (Rec. doc. 9). A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, the Court nonetheless finds that this matter should be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Plaintiff gives no indication in his complaint of the capacity in which the named Defendant is being sued. "When a pro se plaintiff does not specify in his complaint whether a defendant is named in his or her official or individual capacity, it is generally presumed by operation of law that the defendant is named in his or her official capacity." *Douglas v. Gusman*, 567 F.Supp. 2d 877, 888-89 (E.D. La. 2008). "'In a suit brought against a municipal official in his [or her] official capacity, the plaintiff must show that the municipality has a policy or custom that caused his injury.'" *Carter v. Strain*, No. 09-CV-0015, 2009 WL 3231826 at *2 (E.D. La. Oct. 1, 2009)(quoting *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007), *cert. denied*, 555 U.S. 813, 129 S.Ct. 42 (2008)). "'A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity.'" *Id.* (quoting *Colle v. Brazos County, Texas*, 982 F.2d 237, 245 (5th Cir. 1993)). Rather, the plaintiff ". . . must <u>identify</u> the policy or custom which allegedly caused the deprivation of

2

his constitutional rights." *Id.* (citing *Murray v. Town of Mansura*, 76 Fed.Appx. 547, 549 (5th Cir. 2003) and *Treece v. Louisiana*, 74 Fed.Appx. 315, 316 (5th Cir. 2003)).

Measured against the foregoing standards, Plaintiff's allegations against the named Defendant in his official capacity fail to state a claim upon which relief can be granted, as he does not allege that the purported deprivation resulted from a policy or custom, much less identify any such policy or custom. *Carter*, 2009 WL 3231826 at *2. Viewing Plaintiff's allegations as being made against the named Defendant in his individual capacity he fares no better because "[p]laintiffs suing governmental officials in their individual capacities . . . must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." *Id.* at *1 (quoting *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)). This is so because "'[p]ersonal involvement is an essential element of a civil rights cause of action.'" *Id.* (quoting *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)). Supervisory officials like the Sheriff ". . . cannot be held liable for federal civil rights violations allegedly committed by his associates based merely on a theory of strict liability or vicarious liability." *Id.* (footnotes omitted). *Respondeat superior* is not a concept that is applicable to proceedings brought under §1983. *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir.), *cert. denied*, 471 U.S. 1126, 105 S.Ct. 2659 (1985); *Lozano v. Smith*, 719 F.2d 756, 768, (5th Cir. 1983); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981).

Other than identifying the Sheriff as the Defendant in the caption of and again on page four of his complaint, Plaintiff's principal pleading contains no allegations whatsoever regarding the Sheriff's involvement in the matters of which he complains herein. Although Plaintiff attaches to his complaint two inmate grievance forms that he purportedly

3

completed during his stay at OPP, neither of those forms was specifically directed to or responded to by the Sheriff himself. (Rec. doc. 7, pp. 7-9). In one of those grievances that Plaintiff completed on February 2, 2015, assigned No. 744612, he complained of the presence of dust and mold and excessive noise in the areas of OPP in which he was housed. (*Id.* at p. 8). That grievance was responded to by OPP correctional official K. Winfield on the same date who advised Plaintiff that "THE TIER IS GIVEN CLEANING SUPPLIES." (*Id.* at p. 7). Subsequent to his transfer from OPP, Plaintiff expressed his dissatisfaction with the OPP official's response, writing at the bottom of the grievance form that "soap and water is not enough to remove dust and mold [in the] building ..." (*Id.*). While Plaintiff may be displeased with the adequacy of the cleaning supplies that he was provided, the prompt response and supplies that he was furnished belie any credible claim of deliberate indifference on the part of OPP officials and prisoners are simply not entitled to cleaning supplies of their choosing. *Russell v. Pittman*, No. 14-CV-2204, 2015 WL 4478054 at *3 (E.D. La. July 22, 2015)(and cases cited therein).

    In his recent response to the Court's Briefing Order, Plaintiff indicates that during his three-month stay at OPP from April 27, 2015 to July 29, 2015, he was subjected to unsafe amounts of black mold and humid conditions due, in part, to inadequate shower exhaust systems; that he was also subject to an unsafe and excessive amount of dust particles in the air due to an inadequate air filtration system; that he notified medical staff about his pre-existing asthmatic condition at the time of his initial processing into OPP; and, that after he developed "severe breathing problems," he applied for but was denied medical care before being transferred from OPP. (Rec. doc. 14, pp. 1-2). Plaintiff charges

the Sheriff with an inability to control the "noise and violence" at OPP despite "… know[ing] about these obvious unsafe and harmful conditions …" (*Id.* at p. 2).

The additional allegations made by Plaintiff in his response to the Briefing Order fall short of establishing personal involvement on the part of the Sheriff sufficient to hold him liable in his individual capacity because nowhere does Plaintiff set forth particular <u>facts</u> establishing the Sheriff's participation in or even awareness of the matters of which Plaintiff complains. The Court also notes that in responding to the Court's Briefing Order, the Sheriff is not specifically identified by Plaintiff as an individual who possesses knowledge of the complained-of conditions. (Rec. doc. 14, pp. 2-3). Essentially, Plaintiff seeks to hold the Sheriff liable under the concept of *respondeat superior* which, as noted above, is not applicable to §1983 proceedings. *Harvey*, 754 F.2d at 572; *Carter*, 2009 WL 3231826 at *1-2.

Moreover, "… although prisons should be reasonably clean, '[t]he Constitution does not require that prisons be completely sanitized or as clean or free from potential hazards as one's home might be.'" *Russell*, 2015 WL 4478054 at *2 (quoting *McAllister v. Strain*, No. 09-CV-2823, 2009 WL 5178316 at *3 (E.D. La. Dec. 23, 2009)). That being the case, the mere presence of rust, mold, or other similar conditions, while possibly unpleasant and uncomfortable, does not establish a constitutional violation. *Id.*; *Billizone v. Jefferson Parish Corr. Center*, No. 14-CV-1263, 2015 WL 1897683 at *3-4 (E.D. La. Apr. 27, 2015). With respect to Plaintiff's complaints regarding excessive noise at OPP, nowhere does he allege that prison officials arranged for such an inconvenience for the specific purpose of depriving him of sleep. *Ross v. United States*, No. 13-CV-0573, 2013 WL 5290498 at *2 (N.D. Tex. Sept. 18, 2013)(citing *Johnson v. Texas Bd. of Criminal Justice*, 281 Fed.Appx. 319, 321-

22 (5th Cir. 2008). Plaintiff's allegations of inadequate ventilation are too conclusory to entitle him to relief, *Rue v. Gusman*, No. 09-CV-6480, 2010 WL 1930936 at *5 (E.D. La. May 11, 2010)(and cases cited therein), and the presence of overly-humid or "dank" air fails to rise to the level of a constitutional violation. *Russell*, 2015 WL 4478054 at *3. Plaintiff also fails to allege that he suffered substantial harm as a result of any delay in the provision of medical care. *Richard v. Martin*, 390 Fed.Appx. 323, 325 (5th Cir. 2010)(citing *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)). And Plaintiff's passing reference to allegedly uncontrolled violence at OPP is likewise unavailing because he does not contend that he was placed in harm's way or was particularly susceptible to being attacked, or that OPP officials had been made aware of and were deliberately indifferent to his need for protection. *Rue*, 2010 WL 1930936 at *5-6.

Finally, the two species of relief sought by Plaintiff are not available here. Because Plaintiff is no longer housed at OPP, his request for injunctive relief with respect to the conditions of confinement at that facility is now moot. *Burge v. Dunn*, 68 F.3d 465 (5th Cir. 1995)(citing *Rocky v. King*, 900 F.2d 864, 867 (5th Cir. 1990)). The other form of relief sought by Plaintiff, unspecified compensatory damages, is unavailable here as 42 U.S.C. §1997e(e) bars recovery of monetary relief for mental or emotional damages without a prior showing of physical injury. *Richard v. Cupp*, No. 08-CV-1544, 2009 WL 840218 at *6 (W.D. La. Mar. 25, 2009).

For all these reasons, Plaintiff's complaint against the Sheriff is dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii). Judgment will be entered accordingly.

New Orleans, Louisiana, this  9th  day of  October , 2015.

                                      MICHAEL B. NORTH
                              UNITED STATES MAGISTRATE JUDGE